UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20018 -MORENO

UNITED STATES OF AMERICA

v.

MARIA JOSUE ZACARIAS SABA,

    **Defendant.**

_____/

GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER

The government hereby files this response to the Standing Discovery Order (DE 11). This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16. In addition, pursuant to Federal Rule of Criminal Procedure 16.1, on February 14, 2025, the undersigned conferred via email with defense counsel of record about the timing and procedures for producing discovery.

    A.    1.    The government has produced any written or recorded statements made by the defendant.

            2.    The government has produced any relevant oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

            3.    No defendant testified before the Grand Jury.

            4.    The defendant's prior criminal record is attached.

            5.    Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at: the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 657. Please call the undersigned

1

       to set up a date and time that is convenient to both parties.

       The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial. The entire immigration file is available for inspection upon request.

6. A report analyzing and comparing the fingerprint sample provided by the defendant following his arrest in this case with the fingerprints provided from his immigration records is attached.

B. DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice, or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

       You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

|     |     |
| --- | --- |
|     | In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents. |
| I.  | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. § 2516 and 18 U.S.C § 2518 and that has been unsealed in accordance with 18 U.S.C § 2518. |
| J.  | The government has ordered and transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.  | No controlled substance is involved in this indictment. |
| L.  | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M.  | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N.  | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

[SPACE INTENTIONALLY LEFT BLANK]

On February 14, 2025, the United States produced, via USAfx, discovery with an index listing three (3) PDF files. The discovery includes the documents with page ranges "ZACARIAS SABA_000001-000058" Please contact the undersigned Special Assistant United States Attorney if any pages are missing.

>Respectfully submitted,
>
>HAYDEN P. O'BYRNE
>UNITED STATES ATTORNEY
>
>By: */s/ Melissa Shaw*
>Melissa Roca Shaw
>Special Assistant United States Attorney
>Fl. Bar No. 99628
>99 Northeast 4th Street
>Miami, Florida 33132-2111
>Tel: (305) 961-9340
>Email: melissa.shaw@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document with attachments was served this day via email on counsel of record.

>*/s/ Melissa Shaw*
>Melissa Roca Shaw
>Special Assistant United States Attorney